THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMILY TORJUSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK; and DOES ONE THROUGH FIFTY,<br><br>    Defendants. | Case No. 3:18-cv-05785-BHS<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE***<br><br>**NOTE ON MOTION CALENDAR: MARCH 4, 2022** |

Defendant National Railroad Passenger Corporation ("Amtrak") responds to Plaintiff's motions *in limine* as follows:

**A. DISPUTED MOTIONS.**

**2. Collateral Source**

To the extent this motion *in limine* seeks to preclude Amtrak from asking the Plaintiff about payments from third parties other than Amtrak, Amtrak does not object to this motion. However, Amtrak is not a "third party" and therefore Amtrak should not be precluded from asking Plaintiff if Amtrak paid some or all of her medical bills, as such payments are not a collateral source, introducing other evidence of payment of these bills, or referencing the fact that it has paid or agreed to pay Plaintiff's medical bills related to the derailment. As in other

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 1
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

cases, however, Amtrak intends to work with Plaintiff's counsel to reach agreement regarding any outstanding medical bills prior to trial.

The cases that Plaintiff cites do not support her position. For example, the Washington Supreme Court held that the trial court did not abuse its discretion when it barred the defendant from introducing evidence of plaintiff's workers' compensation payments. *Gilmore v. Jefferson Cty. Pub. Trans. Benefit Area*, 190 Wn.2d 483 (2018). In fact, the collateral source rules are "intended to *protect defendants* by preventing plaintiffs from receiving a double recovery." *Workman v. Chincinian* 807 F. Supp. 634, 641 (W.D. Wash. 1992) (emphasis added). Thus, to the extent Plaintiff seeks a double recovery from Amtrak for payments it has already made to Plaintiff's medical providers, the collateral source rule does not preclude Amtrak from introducing evidence that it has already made these payments. The Court's decision in a prior Related Case also supports Amtrak's position. Declaration of Andrew G. Yates ("Yates Decl."), February 28, 2022, at ¶ 2 and Ex. A (*Steele v. NRPC*, No. CV18-5498BHS, 9/27/2021 PTC Tr. 9:5-8 ["The Court in previous Amtrak cases has permitted informing the jury that in admitting liability it has paid the medical bills."]).

**5. Tax on Recovery**

Amtrak opposes Plaintiff's motion. This Court has repeatedly held in Related cases that it will allow evidence of tax information to be communicated to a jury and has previously given an instruction on it. Yates Decl., at ¶¶ 3-4 and Ex. B (*Haque v. NRPC*, No. 3:19-cv-05417-BHS, 9/13/2021 PTC 19:10-20:4 ["I have not only allowed this information to be communicated to a jury, but also given an instruction on it. I received once a juror question about taxability and I answered it consistent with the law. That is, that the award will not be taxed.... I don't think [the jury] should be speculating about whether their award should take into consideration

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 2
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

taxability."]); Ex. C (*Steele v. NRPC*, No. 3:19-cv-05553-BHS, 11/19/2021 TT 184:21-185:1) ("Before we bring the jury in, after looking at the defense's memo on taxes, I am satisfied that it's not taxable."). *See also* Yates Decl., at ¶ 5 and Ex. D (*Garza v. NRPC*, No. CV18-5106BHS, 10/24/2019 PTC Tr. 5:22-6:9) ("When a party asks for such an instruction, it should be given. It is unfair to the party and to the jury to allow the jury to speculate and draw any conclusion that their award will be reduced by a taxing authority.").

Internal Revenue Code 104(a)(2) provides that gross income does not include "the amount of any damages (other than punitive damages) received . . . on account of personal physical injuries or physical sickness." The United States Supreme Court has held that if requested, the jury must be instructed that the verdict will not be subject to income taxes. *Norfolk & Western Ry. Co. v. Liepelt*, 444 U.S. 490, 498 (1980) (FELA case). The Court so held because it did not want a jury to "improperly inflate" the amount of recovery based on an erroneous belief that "a large portion of the award would be payable to the Federal Government in taxes." *Id.* at 497. *See also Burlington N., Inc. v. Boxberger*, 529 F.2d 284, 297 (9th Cir. 1975) ("We cannot believe that, in the absence of such a[ tax] instruction, many jurors would not assume that the award would be taxable and thus be inclined to increase their damages award accordingly. The benefits of informing the jury of the true tax consequences are so clear, and the burden in terms of time and the possibility of confusion so minimal, that we believe the balance is overwhelmingly in favor of giving such an instruction. To put the matter simply, giving the instruction can do no harm, and it can certainly help by preventing the jury from inflating the award and thus overcompensating the plaintiff on the basis of an erroneous assumption that the judgment will be taxable."). *See also Kennett v. Delta Airlines, Inc.*, 560 F.2d 456, 462, n.7 (1st Cir. 1977) ("If there was some basis in the record indicating that the jury would assume that the

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 3
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

award was taxable and would, therefore, take such an irrelevant factor into account in its determination, failure to give the requested instruction would have been error." (citing *McWeeney v. New York, New Haven & Hartford Railroad*, 282 F.2d 34 (2d Cir.), *cert. denied*, 364 U.S. 870 (1960)).

As one court observed, the *Liepelt* decision "created the federal common law rule that it is error to refuse a tax consequence instruction." *Selby v. Lovecamp*, 690 F. Supp. 733 (N.D. Indiana 1988). And the *Liepelt* decision is not limited to cases arising under the Federal Employment Liability Act; it has been extended to other types of cases, such as wrongful death actions. In *re Air Crash Disaster Near Chicago, Illinois, May 25, 1979*, 803 F.2d 304 (7th Cir. 1986), the Seventh Circuit court observed that Illinois law barred a nontaxability instruction, but it applied federal common law because Illinois law offered no substantive reasons for the bar. 803 F.2d at 314-15. The court specifically held that "the federal rule that the jury should be instructed that its award is not subject to federal income taxation is a matter of federal common law." *Id.* at 314. Since then, Illinois federal courts have rejected motions *in limine* calling for a ban on tax instructions. *See Opio v. Wurr*, 901 F.Supp. 1370, 1373-74 (N.D. Ill. 1995); *Nichols v. Johnson*, 2002 WL 826482, at *1 (N.D. Ill. May 1, 2002); *Couch v. Village of Dixmoor*, No. 05-C-963, 2006 WL 3409153, *2 (N.D. Ill. Nov. 27, 2006); *Cimaglia v. Union Pacific Railroad Co.*, No. 06-3084, 2009 WL 499287, *8-9 (C.D. Ill. Feb. 25, 2009).

Plaintiff cites to, but offers no analysis of, *Hinzman v. Palmanteer*, 81 Wn.2d 327, 501 P.2d 1228 (1972). *Hinzman* does not stand for the proposition that no tax instruction should be given to the jury. Regardless of how Plaintiff interprets *Hinzman*, this Court should follow in the footsteps of the Ninth Circuit in *Boxberger* and the Seventh Circuit Court in *re Air Crash Disaster Near Chicago* and its prior decisions in the Related Cases.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 4
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**7. Pre-existing Conditions**

Amtrak objects to the exclusion of evidence pertaining to Plaintiff's preexisting conditions. Evidence of pre-existing conditions "may be relevant and admissible for the purpose of determining to what extent claimed limitations of activities and loss of ability to enjoy life are the result of the injury at issue as opposed to the preexisting condition." 25A C.J.S. Damages § 335. Courts have held that whether a plaintiff's mental and physical injuries are "attributable to her preexisting conditions . . . is relevant to the proper measure of her damages." *Braun v. U.S. Airways, Inc.*, No. C10-0155-JCC, 2010 WL 11682520 (W.D. Wash. June 2, 2010). *See also Melendez v. Gulf Vessel Mgmt., Inc.*, No. C09-1100 MJP, 2010 WL 2650572, at *1 (W.D. Wash. July 1, 2010) (observing that since plaintiff's claims put his physical condition, mental health, and earning capacity at issue, his pre-existing medical conditions can impact those claims); *Abdulal v. United States*, No. C04-0370RSM, 2005 WL 8172246, at *2 (W.D. Wash. Nov. 22, 2005) (denying plaintiff's motion *in limine* to bar any evidence of preexisting physical and psychological conditions). *See also* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

To the extent there is any reference in Plaintiff's records regarding pre-existing conditions that Plaintiff claims resulted from the derailment or was exacerbated by the derailment, Amtrak should be permitted to cross-examine all witnesses regarding these matters as they go directly to the issue of the nature and extent of Plaintiff's compensatory damages.

**a. Plaintiff had pre-existing conditions**. Since 2013, Plaintiff has had a history of fatigue and medical records indicate that Plaintiff was anemic. Subsequent to the derailment, Plaintiff continued to complain of fatigue. Amtrak is entitled to rely on Plaintiff's past history

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 5
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

of fatigue and anemia to establish that Plaintiff's symptoms of fatigue was not caused by the derailment. The Washington Supreme Court held that it would be improper to invite the jury to speculate about preexisting conditions when there is inadmissible hearsay evidence of a causal connection. *Little v. King*, 160 Wn.2d 696 (2007) (*citing Wash. Irrigation & Devl. Co. v. Sherman*, 106 Wash.2d 685, 691-92, 724 P.2d 997 (1986). Here, Plaintiff's medical records show that she was anemic for years before the derailment. Medical records are not inadmissible evidence. Plaintiff also cites *Needham v. Dryer*, 11 Wash. App.2d 479, 454 P.3d 136 (Div. 1 2019). That case held that "the defense can rely on evidence in the record to show that the plaintiff lacked proof of causation when there are other known potential causes of plaintiff's injury. . . . [T]he defense may attack the premise of the plaintiff's causation theory, if the defense presents evidence of causation that is relevant and probative." *Id.* at 494. Here, Plaintiff's medical records reflect that she had a history of fatigue prior to the derailment, though the records do not explain or identify the cause of Plaintiff's fatigue.

**b. Plaintiff was involved in a pedestrian accident following the derailment.** On or about January 22, 2020, Plaintiff was hit by a truck while walking on a cross walk. She saw Dr. Kathleen Williams, DO at SeaMar Clinic and complained of a bruise on the medial aspect of her left knee and bilateral shoulder pain and pain between her shoulder blades. Plaintiff also reported pain over the spinuous process at T11. She returned to SeaMar Clinic in February 2020 and again complained of right shoulder pain, which had worsened. Also in February 2020, Plaintiff saw a chiropractor, Dr. Kristopher Royal, who assessed segmental and somatic dysfunction of cervical region, sprain of cervical ligaments, other kyphosis, cervical region; other cervical disc degeneration, cervicothoracic region; pain in thoracic spine; segmental and somatic dysfunction of rib cage; segmental and somatic dysfunction of upper extremity; pain in right shoulder; pain

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 6
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

in left shoulder; segmental and somatic dysfunction of lumbar region; radiculopathy, lumbosacral region; and low back pain.  In March 2020, Plaintiff saw Dr. Ryan Halpin, MD, an orthopedic who did not recommend surgical intervention.  Also in March 2020, an MRI of the cervical spine was done, which revealed (1) Straightening/reversal of the normal cervical lordosis in the upper and mid cervical spine; (2) mild bilateral neural foraminal stenosis at C6-C7 and C7-T1; and (3) no significant central stenosis.  A full length spine X-ray also performed in March 2020 revealed degenerative changes "throughout the visualized, cervical, thoracic, and the lumbar spine." Thereafter, Plaintiff treated with a physical and occupational therapist twice a week for six weeks.

Although her injuries from the January 2020 accident are not "pre-existing conditions," her treatment for these injuries identified degenerative conditions at various levels of her spine, which Amtrak should be allowed to introduce as evidence at trial.

**8. Defendant's "Good Character" or Other "Good" Acts**

Plaintiff presumably seeks an order that precludes Amtrak from presenting any evidence that it has paid Plaintiff's medical expenses causally related to the derailment.  Amtrak objects to this motion because the omission of evidence that Amtrak has paid Plaintiff's medical expenses may lead the jury to speculate that Plaintiff should recover such expenses, which would be a double recovery.

Plaintiff cites Federal Rule of Evidence 404(a) generally in support of her position.  But the only pertinent provision is subsection (a)(1) of the Rule, which provides that "Evidence of a person's character or character trait is not admissible to prove that one particular occasion the person acted in accordance with the character or trait."

Plaintiff cites no case law in support of her assertion that this Rule applies to corporations like Amtrak.  This is not surprising.  The Rule specifically refers to persons, not entities.  A recent

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 7
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

court determined that Rule 404(a) does not apply to corporations. *ICTSI Oregon, Inc. v. International Longshore and Warehouse Union*, No. 3:12-cv-1058-SI, 2019 WL 1651038, at *17 (D. Or. April 17, 2019). *See also Colley v. CSX Transportation, Inc.*, No. 1:07-cv-1175-HSOJMR, 2009 WL 1515524, at *3-4 (S.D. Miss. May 27, 2009) (observing that it is "not clear that Rule 404(b) applies to corporations. . . .").

Since Plaintiff fails to offer case law in support of her motion, Amtrak should not precluded from introducing evidence that it paid Plaintiff's medical expenses. Otherwise, as this Court has observed in Related Cases, the jury may speculate that Plaintiff should recover such expenses, which would be a double recovery. Recently, this Court stated in a Related Case that "The jury should be informed that the medical bills are not an issue in this case and have been paid." Ex. B (*Haque v. NRPC*, No. 3:19-cv-05417-BHS, 9/13/2021 PTC Tr. 20:25-21:6) attached thereto. *See also* Ex. A (*Steele v. NRPC*, No. CV18-5498BHS, 9/27/2021 PTC Tr. 9:5-8 ["The Court in previous Amtrak cases has permitted informing the jury that in admitting liability it has paid the medical bills."]).

**10. Medical Records**

Because Plaintiff has put her physical and mental health conditions at issue, Plaintiff's medical records are highly relevant to Amtrak's damages defense. Amtrak is also perplexed by this motion as Plaintiff has listed her derailment related medical records as exhibits she intends to use at trial, and Amtrak has stipulated to their admissibility. Plaintiff appears to have made an 11th hour change of course. Amtrak therefore opposes Plaintiff's motion to preclude Amtrak from introducing into evidence Plaintiff's medical records.

Medical records are admissible under various hearsay exceptions. Fed. R. Evid. 803. In fact, 803(4) provides a hearsay exception for a statement that: (A) "is made for – and is

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 8
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

reasonably pertinent to – medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause."

The fear of having voluminous medical records coming into evidence is not a sufficient or rational basis for excluding medical records. Indeed, Plaintiff has not and cannot offer any reason why the records of her derailment-related medical treatment are inadmissible. They are the core evidence in the case, but the Plaintiff wants to the keep them from the jury when they are deciding much money to award to her. It would be fundamentally unfair and highly prejudicial for Amtrak not to be able to admit any records of Plaintiff's medical records into evidence.

In addition, in a personal injury case such as this, Amtrak has a right to cross-examine Plaintiff and her treating providers with the records of those providers. Plaintiff's treaters should not be insulated from cross-examination with their own records. The jury should have the benefit of these records during deliberations, especially because they will not have a transcript of the testimony.

As in all of the Train 501 derailment trials, medical records are critical to understanding the Plaintiff's injuries, recovery, and current clinical and functional status. As the Court is aware, medical records have been admitted in each of the prior trials. In the most recent trial, however, where several key medical records were offered but not allowed into evidence, Amtrak was severely prejudiced. The jury was not able to evaluate the inconsistencies and other issues with the testimony of Plaintiff's treaters in an effective manner without the benefit of the actual records. A transitory cross examination on the records is not enough as the jury will have no transcript when it deliberates.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 9
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Here, Plaintiff has not identified any medical experts, and her treating doctors have not timely disclosed any reports or letters that might arguably permit them to testify to any matters beyond the contents of their charts. Thus, it is critical that Amtrak be allowed to admit the records of Plaintiff's treaters into evidence so that the jury can consider them while they reach a verdict.

## B. AGREED MOTIONS.

### 1. Expert Testimony Not Previously Disclosed

Amtrak does not oppose this motion.

### 3. Time or manner of Attorney Retention

Amtrak does not intend to reference the timing or manner in which Plaintiff retained an attorney. Accordingly, Amtrak does not oppose this motion.

### 4. Location of Attorneys' Law Firms

Amtrak does not oppose this motion.

### 6. Absence of Parties and Witnesses

Amtrak generally does not oppose this motion. Amtrak does not intend to reference Plaintiff's failure to call any particular witnesses, such as treating providers. However, Plaintiff's motion should not be interpreted to mean that Amtrak is precluded from referencing Plaintiff's general failure to meet her burden to prove a particular set of facts to support her claim or her use of an expert to contradict or minimize what a treating physician, who was not called as a witness, noted in their record.

### 9. Medical Bills

Amtrak concurs that the parties have agreed to enter into a stipulation for Amtrak to Plaintiff's out of pocket medical expenses that were incurred as a proximate cause of the derailment and that all such medical bills should be precluded from going into evidence.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 10
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

DATED this 28th day of February, 2022.

          LANE POWELL PC

By  *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com

LANDMAN CORSI BALLAINE & FORD, PC

By  *s/ Mark S. Landman*
Mark S. Landman, *Pro Hac Vice*
mlandman@lcbf.com
John A. Bonventre, *Pro Hac Vice*
jbonventre@lcbf.com

*Attorneys for Defendant National Railroad Passenger Corporation*

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
RESPONSES TO PLAINTIFF'S MOTIONS *IN LIMINE* - 11
NO. 3:18-CV-05785-BHS
019188.0423/8878851.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107