THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMILY TORJUSEN, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, <br><br> Defendant. | No. 3:18-cv-05785-BHS <br><br> **PLAINTIFF'S TRIAL BRIEF** |

## INTRODUCTION

Plaintiff Emily Torjusen respectfully submits this trial brief to address the basic factual, legal, and evidentiary issues presented by this case. This case arises out of the Amtrak Cascades Train 501 derailment on December 18, 2017 near DuPont, Washington. Plaintiff brings a cause of action for common law negligence against National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"). Amtrak admits that it is liable for compensatory damages proximately caused by the derailment but disputes the nature and extent of Ms. Torjusen's injuries.

## FACTUAL BACKGROUND

On December 18, 2017, Emily Torjusen was a 24-year-old woman traveling as a passenger on Amtrak Cascades Train 501 from Seattle to Vancouver, Washington. She was traveling home to spend the holidays with her family.

At approximately 7:30 a.m. on that day, Ms. Torjusen was riding in the seventh car,

PLAINTIFF'S TRIAL BRIEF
NO. 3:18-CV-05785-BHS - 1

HILDEBRAND MCLEOD & NELSON, LLP
350 FRANK H. OGAWA PLAZA
4TH FLOOR
OAKLAND, CA 94612
510.451.6732  FAX: 510.465.7023

numbered AMTK 7504, on the Amtrak Train 501 as it traveled south towards Oregon. At that time, the train was traveling on the Point Defiance Bypass section of the Lakewood Subdivision, on a descending grade, approaching the curve at milepost 19.8 that crosses over Interstate 5 from east to west. The curve located at milepost 19.8 had a permanent speed restriction of 30 miles per hour, but Train 501 was traveling at 78 miles per hour as it approached the curve, and never slowed. Due to this excessive speed, the lead locomotive and the passenger cars, including AMTK 7504 on which Plaintiff was riding, was caused to jump the track and derail. AMTK 7504 came to rest on its side. As a result, Ms. Torjusen sustained serious and permanent injuries and damages, including a mild traumatic brain injury which significantly interferes with her function and abilities, PTSD, and other physical injuries that have required treatment and that have caused her pain and suffering and limitations.

At the time of the derailment, Ms. Torjusen was looking at her phone. She looked up and felt the whole car shaking. Ms. Torjusen remembers metal coming toward her and then she was knocked unconscious. When she woke up, it was pitch back and she heard people crying and screaming. Ms. Torjusen was stuck in the dirt and could not move her legs. A man named Kevin, who had been taking photos of the train as it went on its inaugural run, came to Ms. Torjusen's assistance.

Ms. Torjusen was transported by ambulance to Providence St. Peter Hospital in Olympia, Washington. Ms. Torjusen has been diagnosed with a closed head injury, post-concussive symptoms, scalp laceration, pulmonary contusion, right clavicular fracture, post-traumatic stress disorder, and generalized anxiety disorder. All of these damages are causally linked to the crash.

Prior to the train wreck, Ms. Torjusen was a healthy 20-year-old woman with no pre-existing medical or psychological conditions connected to her complained of injuries and damages. At the time of the derailment, Ms. Torjusen was enrolled as an undergraduate at the University of Washington.

## LEGAL AND EVIDENTIARY ISSUES

Amtrak has admitted liability for the incident. Plaintiff will introduce background facts

PLAINTIFF'S TRIAL BRIEF
NO. 3:18-CV-05785-BHS - 2

HILDEBRAND MCLEOD & NELSON, LLP
350 FRANK H. OGAWA PLAZA
4TH FLOOR
OAKLAND, CA 94612
510.451.6732  FAX: 510.465.7023

and exhibits that are relevant to damages to show the force of impact, the damage to the passenger car, and other matters relevant to Plaintiff's damage claims. This limited evidence related to liability is admissible, as it is relevant to the question of damages. *Snyder v. Gen. Elec. Co.*, 47 Wash. 2d 60, 67-68, 287 P.2d 108, 112-13 (1955); *Smelko v. Brinton*, 241 Kan. 763, 768, 740 P.2d 591, 595 (1987) ("Although plaintiffs were relieved of establishing liability, we think the better rule is to permit a plaintiff to introduce reasonable evidence to show how the injury was sustained."); *Jones v. Carvell*, 641 P.2d 105, 112 (Utah 1982) (evidence going *only* to liability is excluded in admitted liability claim) (emphasis added). In *Snyder*, an admitted liability case for an injury to a passenger in a bus accident, the court allowed evidence of, among other things, where the plaintiff was seated, the speed of the bus and the force of the impact, so that the jury could properly assess the plaintiff's damages. Plaintiff intends to introduce similar such evidence as it is highly relevant to the nature and extent of Plaintiff's injuries and damages.

### A. Non-Economic Damages

Plaintiff will present evidence through her mental healthcare providers and through an eyewitness, family and a friend regarding the extensive non-economic damages she has sustained in this incident. Prior to the derailment, Ms. Torjusen was a healthy 20-year-old woman. Her life has been permanently altered as a result of the derailment and her brain injury. She has suffered pain and suffering, both mental and physical, as a result of the train wreck and with reasonable probability will continue to suffer in future. Plaintiff will be diligent to avoid unnecessarily cumulative testimony in this regard. However, Plaintiff submits she should be granted leeway to fully explore and prove the full nature and extent of her damages.

The mental healthcare providers Plaintiff intends to call all treated Ms. Torjusen at different times and/or provided different treatments in different specialties. The fact witnesses Plaintiff intends to call know Ms. Torjusen from various perspectives and aspects of her life, and therefore offer unique insight into the changes and limitations they have observed in Ms. Torjusen as a result of her brain injury. Plaintiff has the burden of proof on damages and therefore should be allowed to briefly call a variety of witnesses to provide a thorough and comprehensive

PLAINTIFF'S TRIAL BRIEF
NO. 3:18-CV-05785-BHS - 3

HILDEBRAND MCLEOD & NELSON, LLP
350 FRANK H. OGAWA PLAZA
4TH FLOOR
OAKLAND, CA 94612
510.451.6732  FAX: 510.465.7023

picture of her extensive general damages and the impacts she has suffered across various aspects of her life from Amtrak's admitted negligence.

### B.     Economic Damages

Ms. Torjusen seeks to recover the reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future. Plaintiff expects to call Ms. Torjusen's mental healthcare providers to testify regarding Ms. Torjusen's future medical care needs as well as the reasonable value of such care. Ms. Torjusen does not intend to make any claims for past medical expenses, past lost wages, or past out-of-pocket expenses related to care and treatment.

### V.     CONCLUSION

Plaintiff Emily Torjusen looks forward to presenting her case when it is set to commence on March 29, 2022.

Respectfully submitted this 3rd day of March 2022.

HILDEBRAND McLEOD & NELSON, LLP

By: */s/ Anthony S. Petru*
Anthony S. Petru (admitted pro hac vice)
petru@hmnlaw.com
Scott H. Levy (admitted pro hac vice)
levy@hmnlaw.com

GRUBE OREHOSKI PLLC

By: */s/ Joseph A. Grube*
Joseph A. Grube, WSBA No. 26476
joe@go-trial.com

*Attorneys for Plaintiff Emily Torjusen*

PLAINTIFF'S TRIAL BRIEF
NO. 3:18-CV-05785-BHS - 4

HILDEBRAND MCLEOD & NELSON, LLP
350 FRANK H. OGAWA PLAZA
4TH FLOOR
OAKLAND, CA  94612
510.451.6732  FAX: 510.465.7023

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys and parties of record.

Executed this March 3rd, 2022, at Oakland, California.

Pursuant to FRCP 5(b), I certify that I am an employee of Hildebrand, McLeod & Nelson, LLP, who are members of the bar of this court and at whose direction this service was made.

*/s/ Elena Jimenez*

Elena Jimenez

PLAINTIFF'S TRIAL BRIEF
NO. 3:18-CV-05785-BHS - 5

**HILDEBRAND MCLEOD & NELSON, LLP**
350 FRANK H. OGAWA PLAZA
4TH FLOOR
OAKLAND, CA 94612
510.451.6732  FAX: 510.465.7023