THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMILY TORJUSEN,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK; and DOES ONE THROUGH FIFTY,<br><br>        Defendants. | Case No. 3:18-cv-05785-BHS<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR STAY OF EXECUTION PURSUANT TO FED. R. CIV. P. 62(B)**<br><br>**NOTE ON MOTION CALENDAR: MAY 20, 2022** |

Pursuant to Fed. R. Civ. P. 62(b), Defendant National Railroad Passenger Corporation ("Amtrak") respectfully moves for an order staying enforcement of the judgment entered in this matter upon Amtrak's posting of supersedeas bonds in an amount to be determined by the Court.

## I.   BACKGROUND

On April 4, 2022, the Court entered judgment in favor of Plaintiff Emily Torjusen pursuant to the jury's verdict for $8,000,000.  Dkt. 64.

On May 2, 2022, Amtrak moved for a new trial, or in the alternative, for remittitur pursuant to Fed. R. Civ. P. 59.  Dkt. 74.

## II.   ARGUMENT & AUTHORITY

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified

DEFENDANT NRPC'S MOTION FOR STAY OF EXECUTION OF
JUDGMENT PURSUANT TO FED. R. CIV. P. 62(B) - 1
NO. 3:18-CV-05785-BHS
019188.0423/8964689.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

in the bond or other security." Fed. R. Civ. P. 62(b).  A party may obtain "a stay at any time after a judgment is entered, not just when an appeal is taken." 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed., August 2019 Update).

By posting a bond, the Plaintiff is protected from any loss resulting from the stay in the execution of the judgment. *Pacific Reinsurance Management Corporation v. Ohio Reinsurance Corporation*, 935 F.2d 1019, 1027 (9th Cir. 1991).  District courts have "inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).  It has been observed that courts often compute the supersedeas bond by looking at the amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay.  11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2905 (3d ed., August 2019 Update).  A published decision within the Ninth Circuit noted that "[a]lthough practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (*quoting* Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)).

Bonds at the lower end of this range would be more than enough to secure Plaintiff's judgment plus costs, interest, and anticipated legal fees on appeal, if any.  Amtrak respectfully requests that the Court establish a bond amount of $10,000,000 ($8,000,000 x 1.25).

Once Amtrak posts the bond in an amount determined by the court, Amtrak requests that the enforcement of judgment be stayed until the time for Amtrak to file an appeal expires or the Court of Appeals for the Ninth Circuit issues a final decision in this matter, whichever is later.

//
//
//
//
//
//

DEFENDANT NRPC'S MOTION FOR STAY OF EXECUTION OF
JUDGMENT PURSUANT TO FED. R. CIV. P. 62(B) - 2
NO. 3:18-CV-05785-BHS
019188.0423/8964689.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

DATED this 2nd day of May, 2022.

                              LANE POWELL PC

                              By  *s/ Tim D. Wackerbarth*
                                    Tim D. Wackerbarth, WSBA No. 13673
                                    wackerbartht@lanepowell.com
                                    Andrew G. Yates, WSBA No. 34239
                                    yatesa@lanepowell.com

                              LANDMAN CORSI BALLAINE & FORD, PC

                              By  *s/ Mark S. Landman*
                                    Mark S. Landman, *Pro Hac Vice*
                                    mlandman@lcbf.com
                                    John A. Bonventre, *Pro Hac Vice*
                                    jbonventre@lcbf.com

                             *Attorneys for Defendant National Railroad Passenger Corporation*

DEFENDANT NRPC'S MOTION FOR STAY OF EXECUTION OF JUDGMENT PURSUANT TO FED. R. CIV. P. 62(B) - 3
NO. 3:18-CV-05785-BHS
019188.0423/8964689.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107